UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ACTOS PRODUCTS LIABILITY LITIGATION                           MDL No. 2299


TRANSFER ORDER


    **Before the Panel**: Pursuant to 28 U.S.C. § 1407, plaintiffs in a Southern District of Illinois action move for coordinated or consolidated pretrial proceedings of eleven actions pending in eight districts as listed on Schedule A. Moving plaintiffs seek centralization in the Southern District of Illinois or, in the alternative, the Central District of California. Since the filing of the motion, the parties have notified the Panel of over 100 related actions pending in various federal districts.[1]

    All respondents support centralization but disagree upon the appropriate choice for transferee district. Defendants Takeda Pharmaceuticals America, Inc., its related entities,[2] and Eli Lilly and Company suggest centralization in the Northern District of Illinois or, in the alternative, the Western District of Louisiana. Responding plaintiffs suggest centralization, either primarily or in the alternative, in the Northern District of Alabama, the Northern District of Illinois, the Southern District of Illinois, the Eastern District of Louisiana, the Western District of Louisiana, the District of Minnesota, the District of New Jersey, the Eastern District of New York, the Northern District of New York, and the Northern District of Ohio.[3]

    On the basis of the papers filed and the hearing session held, we find that these eleven actions involve common questions of fact, and that centralization in the Western District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Each of the actions alleges claims arising from the use of Actos, a prescription medication approved for use in the treatment of type 2 diabetes. Plaintiffs allege that individuals who use Actos face an increased risk of developing bladder cancer. Plaintiffs further allege that the defendants concealed their knowledge of this risk and failed to provide adequate warnings to consumers and the health care community. All

---

  [1]  These actions will be treated as potential tag-along actions in accordance with Panel Rules 7.1 and 7.2.

  [2]  Takeda Pharmaceuticals North America, Inc., Takeda Global Research & Development Center, Inc., Takeda Pharmaceuticals International, Inc., Takeda Pharmaceuticals LLC, Takeda San Diego, Inc., and Takeda Pharmaceutical Company Limited.

  [3]  At oral argument, plaintiffs in a related action in the District of New Jersey withdrew their alternative suggestion of the Eastern District of Pennsylvania and argued solely on behalf of centralization in the District of New Jersey.

- 2 -

actions were filed in July 2011 or later. Accordingly, we find that centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Western District of Louisiana is an appropriate transferee district for this litigation. The allegations in this nationwide litigation do not have a strong connection to any particular district, and related actions are pending in numerous districts across the country. Some plaintiffs support centralization in the Western District of Louisiana, mostly in the alternative, and the defendants also support centralization in this district in the alternative, although they emphasized at oral argument that this district was a distant second choice to their primary suggestion. Notably, centralization in the Western District of Louisiana permits the Panel to assign the litigation to an experienced judge who sits in a district in which no other multidistrict litigation is pending.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Western District of Louisiana and, with the consent of that court, assigned to the Honorable Rebecca F. Doherty for coordinated or consolidated pretrial proceedings in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

IN RE: ACTOS PRODUCTS LIABILITY LITIGATION                    MDL No. 2299

## SCHEDULE A

<u>Central District of California</u>

Jules Berck v. Takeda Pharmaceuticals America Inc., et al., C.A. No. 5:11-01226

<u>Northern District of Illinois</u>

James Carter v. Takeda Pharmaceuticals America, Inc., et al., C.A. No. 1:11-05686

<u>Southern District of Illinois</u>

Gus Mijalis, et al. v. Takeda Pharmaceuticals America, Inc., et al., C.A. No. 3:11-00787
Glen Weant, et al. v. Takeda Pharmaceuticals America, Inc., et al., C.A. No. 3:11-00788

<u>District of New Jersey</u>

Vito Finetti v. Takeda Pharmaceuticals North America, Inc., et al., C.A. No. 3:11-04816

<u>Northern District of New York</u>

George Rosado v. Takeda Pharmaceuticals North America, Inc., et al., C.A. No. 1:11-00918

<u>Southern District of New York</u>

Leo Cobain v. Takeda Pharmaceuticals America, Inc., et al., C.A. No. 1:11-06077

<u>Western District of New York</u>

Terrance Allen, et al. v. Takeda Pharmaceutical Company Limited, et al.,
    C.A. No. 1:11-00643
Jeffrey Lader v. Takeda Pharmaceuticals North America, Inc., et al., C.A. No. 6:11-06375

<u>Northern District of Ohio</u>

John Scaro, et al. v. Takeda Pharmaceuticals America, Inc., et al., C.A. No. 1:11-01565
Sidney Sultzbaugh, et al. v. Takeda Pharmaceuticals America, Inc., et al.,
    C.A. No. 1:11-01766